UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Chambers Agurs, #63132,<br><br>    Petitioner,<br><br>  v.<br><br>E. Richard Bazzle, Warden and Henry McMaster, Attorney General for South Carolina,<br><br>    Respondents. | C/A No. 8:06-0086-GRA-BHH<br><br>ORDER<br>(Written Opinion) |

  This matter is before this Court for review of the magistrate's Report and Recommendation, entered pursuant to 28 U.S.C. §636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., and filed on January 11, 2006. The magistrate recommends dismissing Petitioner's §2254 action without prejudice and without requiring Respondents to file a return because it is procedurally barred. For the reasons stated below, the Report and Recommendation is adopted, and the petition is DISMISSED.

## Background

  Petitioner is incarcerated at the Perry Correctional Institution, in Pelzer, South Carolina, pursuant to orders of commitment from the York County Court of General Sessions. On May 17, 1970, Petitioner entered a guilty plea to a single count of murder and was sentenced to life imprisonment. He seeks relief from this conviction

1

under 28 U.S.C. § 2254. Petitioner did not appeal from his conviction. He filed a Post-Conviction Relief (PCR) application in the York County Court of Common Pleas on November 24, 2004. *See Agurs v. State*, 2004-CP-46-3065. The application was dismissed on September 15, 2005, and the South Carolina Supreme Court filed an order of remittitur on November 22, 2005, evidently rejecting a Petition for Writ of Certiorari. Petitioner filed the instant action under 28 U.S.C. §2254 on January 11, 2006.

### Standard of Review

The petitioner is proceeding *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further

evidence or recommit the matter to the magistrate with instructions." *Id*.

In order for objections to be considered by a United States District Judge, the objections must be timely and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983). Petitioner filed objections to the magistrate's Report and Recommendation on January 25, 2006.

## Discussion

Petitioner's objections do not reference the Report and Recommendation. In fact, the four numbered objections given by Petitioner merely restate his claims for relief in the original petition; his objections do not allege or direct the Court's attention to an error in the Report and Recommendation regarding dismissal of his petition for being procedurally barred. Therefore, the objections do not warrant *de novo* review. *Orpiano,* 687 F.2d at 47.

However, Petitioner does argue in the introductory paragraph to his objections that he was denied assistance of counsel in seeking his PCR. In an abundance of caution, the Court will treat such language as an objection. Petitioner filed his application for PCR on November 24, 2004, more than 30 years after his conviction. Petitioner's PCR application was clearly time barred under South Carolina Code § 17-27-45(a), which provides a one-year limitation for filing such actions. Therefore, Petitioner was not entitled to representation in seeking a PCR, where his application was clearly time barred. Petitioner's objection is without merit.

After a review of the magistrate's Report and Recommendation, this Court finds the report is based upon the proper law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

Furthermore, Petitioner's habeas corpus petition should be dismissed in its entirety as untimely because of his failure to file his petition within the limitation period established in 28 U.S.C. § 2244(d). Section 2244(d) states,

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was

4

> initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

See 28 U.S.C. §2244(d).

Therefore, the limitations period applicable to the present petition began to run ten (10) days after the imposition of Petitioner's sentence because he failed to timely file a notice of intent to appeal. At that point, the time for seeking further direct review had expired. *See* SCACR 203. As noted above, Petitioner filed an application for post-conviction relief on November 24, 2004, more than 30 years after his conviction became final. Because, Petitioner filed his application for PCR outside the time limitations under South Carolina Code § 17-27-45(a), the statute of limitations for a § 2254 petition was not tolled.[1] Thus, Petitioner has filed his §2254 outside of the proper time period. As a result, the petition must be dismissed as untimely.

## Conclusion

After adopting the Report and Recommendation it its entirety, this Court finds that Petitioner's habeas corpus petition should be dismissed in its entirety as

---

[1] The limitations period on a petition under §2254 is tolled when a properly filed application for State post-conviction relief is pending. *See* §2244(d)(2).

5

procedurally barred and for the separate reason of being untimely.

IT IS THEREFORE ORDERED that the §2254 petition be DISMISSED without prejudice and without requiring Respondents to file a return.

IT IS SO ORDERED.

                                                                           _____
                                                                           G. ROSS ANDERSON, JR.
                                                                           UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

January   31  , 2006


## NOTICE OF RIGHT TO APPEAL

Petitioner has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.  Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.